I have stated twice this Term that the Court should consider the question whether the admission of evidence of unadjudicated criminal conduct at the penalty phase of a capital trial violates the Eighth and Fourteenth Amendments. See *Williams* v. *Lynaugh*, 484 U. S. 935 (1987) (dissenting from denial of certiorari); *Devier* v. *Kemp*, 484 U. S. 948 (1987) (dissenting from denial of certiorari). I have noted that this question has prompted a number of conflicting decisions nationwide. Compare *State* v. *Bobo*, 727 S. W. 2d 945, 952–953 (Tenn.) (unadjudicated-crimes evidence not admissible), cert. denied, 484 U. S. 872 (1987), and *State* v. *Bartholomew*, 101 Wash. 2d 631, 640–642, 683 P. 2d 1079, 1085–1086 (1984) (en banc) (same), with *Milton* v. *State*, 599 S. W. 2d 824, 827 (Tex. Crim. App. 1980) (en banc) (unadjudicated-crimes evidence admissible). In addition, I have argued that the admission of unadjudicated-crimes evidence at the sentencing phase of a capital trial is difficult to reconcile with the unique constitutional concern for reliability in death sentencing proceedings. This case again demonstrates that the Court should resolve this important question.

No. 87–6752. GAUNCE *v.* UNITED STATES; GAUNCE *v.* DEVINCENTIS ET AL.; and GAUNCE *v.* NATIONAL TRANSPORTATION SAFETY BOARD ET AL. C. A. 9th Cir. Certiorari denied. JUSTICE KENNEDY took no part in the consideration or decision of this petition.

No. 87–1139. GAGLIARDI *v.* ZIEGLER ET AL., 485 U. S. 987;

No. 87–1351. UBEROI *v.* UNIVERSITY OF COLORADO ET AL., 485 U. S. 988;

No. 87–6282. GRAVATT *v.* UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, 485 U. S. 1010;

No. 87–6449. MCGOVERN *v.* MEKO, 485 U. S. 1011;

No. 87–6464. LAWRENCE *v.* UNITED STATES ARMY TANK-AUTOMOTIVE COMMAND ET AL., 485 U. S. 1022;

No. 87–6595. HERNANDEZ *v.* UNITED STATES, 485 U. S. 1013; and

No. 87–6666. LAURENCO *v.* BOWEN, SECRETARY OF HEALTH AND HUMAN SERVICES, 485 U. S. 1014. Petitions for rehearing denied.